**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**


| | | |
|---|---|---|
| **STEVEN MCLEOD** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **C.A. No. N11C-03-111 MJB** |
| | ) | |
| **HUGHEY F. MCLEOD** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |


**Submitted:** February 25, 2015
**Decided:** April 6, 2015


*Upon Plaintiff's Motion to Allow Expert Testimony by Videoconference*, **GRANTED**.


**OPINION**


Steven A. McLeod, *pro se*, 1050 Big Joe Road, Monticello, Florida 32344.

Cynthia H. Pruitt, Esq., Doroshow, Pasquale, Krawitz & Bhaya, 1208 Kirkwood Highway, Wilmington, Delaware 10805, Attorney for Defendant.


**Brady, J.**


1

This is a personal injury case. Plaintiff Steven A. McLeod ("Plaintiff") alleges that he was sexually abused by his father Defendant Hughey F. McLeod ("Defendant") from approximately December 1967 through January 1972. Both parties were domiciled in Delaware at the time of the alleged abuse, but both now reside in Florida. Plaintiff is incarcerated in Florida serving a life sentence. On April 29, 2011, Plaintiff filed the instant action under 10 *Del. C.* § 8145.

On February 25, 2015, Plaintiff filed a Motion for an Order Allowing Plaintiff's expert, Dr. Marianne Barnes, to testify by videoconference.[1] Plaintiff explains that Dr. Barnes currently resides in the State of Mississippi. Because Dr. Barnes' testimony is expected to last less than an hour and a half, Plaintiff requests that the witness be permitted to testify using videoconferencing technology instead of traveling to Delaware to be physically present in the courtroom.[2] Plaintiff requests this accommodation for the convenience of the witness and to limit the cost of the expert's testimony.[3]

Delaware courts routinely make reasonable accommodations for witnesses in both civil and criminal trials.[4] As a prevailing party may move to recover expert witness fees, including travel expenses,[5] it is in the interest of both parties to limit these expenses where practicable. Allowing Dr. Barnes to testify by videoconference is a reasonable accommodation in the instant case, provided that the appropriate technology arrangements can be made between Dr. Barnes and the Court, as well as with Plaintiff, if he is not present in the courtroom.

---

[1] Motion, Item 209, at 1.
[2] Motion, Item 209, at 1.
[3] Motion, Item 209, at 2.
[4] *See, e.g., Wilmoth v. Donegal Ins. Co*., 2004 WL 78021, *1 (Del. Super. Ct. Jan. 6, 2004) (The Court allowed plaintiff's counsel to finish their arguments after the defendant had presented its defense in order to accommodate various witnesses).
[5] Super. Ct. Civ. R. 54; 10 Del. C. §8906.

Therefore, Plaintiff's Motion for an Order Allowing Plaintiff's expert, Dr. Marianne Barnes, to testify by videoconference is hereby **GRANTED**.

**IT IS SO ORDERED.**

_____/s/_____

**M. JANE BRADY**
Superior Court Judge